**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| PATRIA GONZALEZ,<br>    *Plaintiff*,<br><br>    v.<br><br>CONNECTICUT DEPARTMENT OF<br>CORRECTION, et al.,<br>    *Defendants*. | No. 3:20-cv-00736 (VAB) |

**RULING AND ORDER ON MOTIONS**

Patria Gonzalez ("Plaintiff") has filed five motions, including a "motion for leave to proceed in forma pauperis [under] 28 U.S.C. 1915/waiver of PACER fees," *see* ECF No. 90 (June 22, 2021); a motion "demanding Connecticut District Court end it[]s overt malfeasance against the plaintiff," *see* ECF No. 94 (June 25, 2021); and three motions "requesting a copy of the May 14, 2021 ruling" by the Court, *see* ECF No. 95 (June 26, 2021) ("First Mot. to Compel"); ECF No. 99 (June 30, 2021); ECF No. 100 (June 30, 2021) ("correcting [ECF No.] 99") (together with ECF Nos. 95 & 99, the "motions to compel").

As to ECF No. 90, to the extent the motion may be construed as a motion for leave to proceed *in forma pauperis*, Ms. Gonzalez has already paid the filing fee in this case, and the motion therefore is moot. *See* 28 U.S.C. 1915(a)(1) (applying to the "authoriz[ation] of the commencement, prosecution or defense of any suit, action or proceeding . . ., without prepayment of fees or security therefor"). To the extent the motion may be construed as relating to Ms. Gonzalez's alleged issues with the PACER system, the Court already has addressed these issues in an earlier order, *see* ECF No. 34 (Nov. 13, 2020); *see also* Order, ECF No. 83 (Apr. 29, 2021), and, without more, it continues to appear that, given Ms. Gonzalez's recent electronic filings on

1

the docket, any alleged e-filing issues have been resolved. *See, e.g.*, ECF Nos. 87, 90-97, 99-102.

Accordingly, this motion will be denied.

As to the motions to compel, ECF Nos. 95, 99 & 100, each of these substantively identical

motions requests a copy of a "May 14, 2021 ruling" issued by the Court. *See, e.g.*, First Mot. to

Compel at 1. To the extent Ms. Gonzalez's motions pertain to the Court's only order issued on

May 14, 2021, ECF No. 89, this entry was a text order only, with no attachment, and thus no ruling

to append. *See* ECF No. 89 ("ORDER denying as moot [87] motion to intervene in light of the

Court's [88] ruling and order."). To the extent this motion pertains to the Court's May 13, 2021,

underlying ruling addressing various motions, including several motions to dismiss, ECF No. 88,

as the Court already has explained to Ms. Gonzalez, it already has made this ruling available to

Ms. Gonzalez by multiple means, including mailing it to her address of record on two occasions,

namely May 14, 2021 and June 30, 2021. *See, e.g.*, Order, ECF No. 98 (May 30, 2021) (noting

that "[a]lthough all rulings by the Court were publicly available previously, the Court nevertheless

will mail the underlying ruling, ECF No. 88, as well as ECF No. 89, to the Plaintiff at the address

on file for this case: P.O. Box 21, Simsbury, CT 06070," and also would "have a hard copy of

these rulings available in an envelope with Plaintiff's name on it in the Clerk's Office" at the

Bridgeport courthouse). Further, and also because Ms. Gonzalez has repeatedly violated Court

orders and inappropriately contacted Court staff via e-mail, despite express orders not to do so, the

Court sees no need to treat Ms. Gonzalez differently than any other similarly-situated plaintiff and

send her any documents by e-mail. *See* Order, ECF No. 37 (Dec. 4, 2020) (ordering that any future

communication from Ms. Gonzalez to the Court be "submitted in writing and filed electronically");

Order, ECF No. 45 (Dec. 15, 2020) ("[i]n light of Ms. Gonzalez's continued e-mails to Clerk's

Office staff," modifying its order to require Ms. Gonzalez to "file a motion on the docket

requesting such relief or assistance directly with the Court rather than contacting, by e-mail or otherwise, staff of the Clerk's office"); Order, ECF No. 49 (ordering Ms. Gonzalez to "refrain from contacting staff of the Clerk of Court's office or anyone in the [District] by e-mail, telephone, or otherwise," and permitting filing only on the docket); Order, ECF No. 70 (Feb. 4, 2021) (noting that "[d]espite these orders, Ms. Gonzalez has continued to contact court personnel regarding her case," reiterating the Court's prior orders, and informing Ms. Gonzalez that violations of these orders "may result in dismissal" of her case); *see also* Exs. 1-3 (several samples of e-mails received by Court personnel from Ms. Gonzalez from December 2020 to June 2021, despite these orders). Finally, because Ms. Gonzalez continues to file documents electronically, as discussed above, the Court has no reason to believe that Plaintiff cannot access any documents needed from the Court's docket, or that providing a copy over mail, and in-person in the Clerk's Office, is insufficient. Accordingly, the first motion to compel, ECF No. 95, will be denied, and ECF Nos. 99, and 100, which raise substantively identical claims, will be denied as moot in light of this order.

As to Ms. Gonzalez's motion for the Court to "end [its] overt malfeasance," ECF No. 94, this motion does not request any cognizable relief, but instead attempts to revive a host of issues previously raised by Ms. Gonzalez, including, *inter alia*, those relating to the Court's resolution of her January 26, 2021, discovery motion; her claims that the Court deliberately "exclud[ed] her from" and did not provide a transcript of an April 28, 2021 motion hearing; her ongoing claims that the Court has "blocked [her] . . . from viewing her PACER account" and has "refused to acknowledge several requests to waive fees"; and her claims that the Court "has never mailed a copy of" a May 14, 2021 ruling or "sent one via the CM ECF filing system" to Ms. Gonzalez. As the Court has already addressed these issues in this Order and on various other occasions, *see, e.g.*, ECF Nos. 34, 83, 88, this motion also will be denied.

For the foregoing reasons, Ms. Gonzalez's motion, ECF No. 90, is **DENIED**; motion, ECF No. 94, is **DENIED**; motion, ECF No. 95, is **DENIED**; motion, ECF No. 99, is **DENIED as moot**; and motion, ECF No. 100, is **DENIED as moot**. As a result of these orders, and consistent with the Court's earlier order, *see* ECF No. 98, if Ms. Gonzalez does not file an Amended Complaint by July 30, 2021, the Court will dismiss her case with prejudice. Indeed, given Ms. Gonzalez's repeated failure to follow court orders, dismissal may be warranted in any event. *See* Fed. R. Civ. P. 41(b) (involuntary dismissal if a plaintiff fails to comply with a court order); *Storey v. O'Brien*, 482 F. App'x 647, 648 (2d Cir. 2012) ("Although not explicitly authorized by the rule, such dismissals may be made *sua sponte*." (emphasis added) (citing *Minnette v. Time Warner*, 997 F.2d 1023, 1027 (2d Cir. 1993))); *Plante v. Collett*, 14 F. App'x 122, 122 (2d Cir. 2001) (summary order) (observing that "Fed. R. Civ. P. 41(b)[]... allows a district court to dismiss an action *sua sponte* for failure to comply with any order of the court").

**SO ORDERED** at Bridgeport, Connecticut, this 19th day of July, 2021.

/s/ Victor A. Bolden
VICTOR A. BOLDEN
UNITED STATES DISTRICT JUDGE